UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JOSE DAVID QUEZADA,

                                    Plaintiff,

              -against-

DETECTIVE KRESHNIK BAKRAQI, POLICE OFFICER
THOMAS DEMKIW, DETECTIVE KELVIN GLOVER,

                                    Defendant.

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

15-CV-10105 (VEC) (BCM)

------------------------------------------------------------------------x

        Defendants Detective Kreshnik Bakraqi, Police Officer Thomas Demkiw and Detective Kelvin Glover (hereinafter referred to collectively as "defendants") submit this statement pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York to set forth the material facts as to which defendants contend there are no genuine issues to be tried.

        1.     Plaintiff Jose David Quezada filed a complaint in the Southern District of New York ("SDNY") on or about December 29, 2015, alleging claims of false arrest, malicious prosecution, and denial of medical treatment against defendants.  Interpreting the complaint broadly, plaintiff could also be asserting a claim for excessive force.  See Complaint, annexed to the December 13, 2016 Declaration of Erin Ryan in Support of Defendants' Motion for Summary Judgment (hereinafter "Ryan Decl."), as "Exhibit A."

        2.     Specifically, plaintiff alleges that, on January 19, 2013, he was walking on East Tremont Avenue in Bronx, New York with a woman named Jenny.  See Excerpts from the August 17, 2016 Deposition of plaintiff Jose Quezada (herein after "Pl. Dep."), annexed to Ryan

Decl. as "Exhibit B" at 31:5-7, 30:13-31:1;  Arrest Report of plaintiff, dated January 19, 2013, annexed to Ryan Decl. as "Exhibit C."

3. During that walk, plaintiff and Jenny encountered an individual named William Davis and they stopped to speak with Mr. Davis.  See Pl. Dep., Exhibit B at 34:6-35:9, 35:10-35:15.

4. During that interaction, an object was exchanged and Mr. Davis placed it in his right front pants pocket.  See Pl. Dep., Exhibit B at 36:19-37:5; Arrest Report, Exhibit C; see also Arrest Report for William Davis, dated January 19, 2013, annexed to Ryan Decl. as "Exhibit D".

5. Police Officer Demkiw, who was in an unmarked police vehicle at the intersection of East Tremont Avenue and Park Avenue in the Bronx, New York, and as part of a "Buy and Bust" operation on January 19, 2013, observed plaintiff, Mr. Davis and a female interact on East Tremont Avenue and further observed plaintiff exchange a small object with Mr. Davis during that interaction.  See Affidavit of Police Officer Demkiw, (hereinafter "Demkiw Affidavit"), dated December 12, 2016, annexed to Ryan Decl. as "Exhibit E" at ¶¶ 2-6; Excerpt from Memobook of Police Officer Demkiw (hereinafter "Demkiw Memobook"), dated January 19, 2013, annexed to Ryan Decl. as "Exhibit G"; Criminal Court Complaint in the matter of The People of the State of New York v. David Quezada (hereinafter "Criminal Court Complaint"), dated January 19, 2013, annexed to Ryan Decl. as "Exhibit H"; see also Arrest Report, Exhibit C; Arrest Report for William Davis, Exhibit D.

6. Police Officer Demkiw then observed William Davis place the exchanged item into his right front pants pocket and continue to walk eastbound on East Tremont Avenue.

See Demkiw Memobook, Exhibit G; Arrest Report for William Davis, Exhibit D; see also Criminal Court Complaint, Exhibit H.; Demkiw Affidavit, Exhibit E at ¶ 6.

7. After the exchange, plaintiff and Jenny walked in the opposite direction from William Davis, proceeding westbound on East Tremont Avenue. See Pl. Dep., Exhibit B at 43:19-44:2; Demkiw Affidavit, Exhibit E at ¶ 6.

8. Police Officer Demkiw and his partner, Officer French, thereafter stopped William Davis. See Demkiw Affidavit, Exhibit E at ¶ 8.

9. During Police Officer Demkiw's interaction with Mr. Davis, Mr. Davis informed the officers that during his interaction with plaintiff, plaintiff had offered him crack cocaine and suboxone, however, Mr. Davis was not interested in the suboxone. See Demkiw Memobook, Exhibit G; Demkiw Affidavit, Exhibit E at ¶ 9.

10. During the stop of Mr. Davis, Police Officer Demkiw observed Mr. Davis to be in possession of two zips of crack cocaine, which were recovered from Mr. Davis' right front pants pocket and Mr. Davis was placed under arrest. See Arrest Report for William Davis, Exhibit D; Criminal Court Complaint, Exhibit H; see also Field Test Report, dated January 19, 2013, annexed to Ryan Decl. as "Exhibit I", Demkiw Affidavit, Exhibit E at ¶ 10.

11. Subsequently, via point-to-point radio, Police Officer Demkiw informed Detective Glover and Detective Bakraqi of the exchange between plaintiff and Mr. Davis and also provided plaintiff's physical description, his current location and direction of travel. See Demkiw Affidavit, Exhibit E at ¶ 12; Affidavit of Detective Glover (hereinafter "Glover Affidavit"), annexed to Ryan Decl. as "Exhibit F" at ¶ 4.

12. Thereafter, in the vicinity of 324 East Tremont Avenue, Detective Glover recognized an individual fitting the description provided by Police Officer Demkiw and

thereafter stopped that individual.  The individual stopped was plaintiff.  See Bakraqi Memobook, Exhibit J; Glover Affidavit, Exhibit F at ¶ 5-6.

13. Shortly thereafter, Police Officer Demkiw learned plaintiff had been stopped by other members of the team, Police Officer Demkiw responded to that location, and confirmed that plaintiff was the individual who he observed exchange a small object with Mr. Davis.  See Demkiw Affidavit, Exhibit E at ¶¶ 13-14; Glover Affidavit, Exhibit F at ¶ 7.

14. After plaintiff was stopped and identified by Police Officer Demkiw, Detective Glover recovered an orange filmy substance, which Detective Glover identified as suboxone, from plaintiff.  See Criminal Court Complaint, Exhibit H; see also Pl. Dep., Exhibit B at 37:6-7; Bakraqi Memobook, Exhibit J; Property Vouchers for plaintiff, dated January 19, 2013, annexed to Ryan Decl. as "Exhibit K"; Glover Affidavit, Exhibit F at ¶ 8-9.

15. The suboxone recovered from plaintiff was packaged in a plastic bag and was not in a prescription container.  See Property Vouchers, Exhibit K; Arrest Report, Exhibit C.

16. When stopped by Detective Glover, plaintiff was not in possession of proof of a prescription for suboxone.  See Property Vouchers, Exhibit K; Arrest Report, Exhibit C.

17. As a result, plaintiff was arrested for Criminal Sale of a Controlled Substance in the Third Degree and Criminal Possession of a Controlled Substance in the Seventh Degree.  See Arrest Report, Exhibit C.

18. Plaintiff was arraigned on the charges of Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree and Criminal Possession of a Controlled Substance in the Seventh Degree.  See Criminal Court Complaint, Exhibit H.

19. On May 1, 2013, the charges against plaintiff were dismissed. See Excerpts from the Bronx County Criminal Court File (hereinafter "Criminal Court File"), pertaining to the prosecution of plaintiff, annexed to Ryan Decl. as "Exhibit L."

20. Plaintiff alleges that while he was in police custody he was denied his medication. See Pl. Dep., Exhibit B at 51:2-6.

21. As a result, plaintiff alleges he felt nauseous, dizzy and generally "sick." See Pl. Dep., Exhibit B at 51:2-52:8, 68:11-14.

22. Plaintiff, however, did receive his medication at some point and thereafter felt better. See Pl. Dep., Ryan Decl., Exhibit B at 68:15-17, 68:18-21.

23. In his complaint, plaintiff alleges he suffered "physical injuries," however, plaintiff did not provide any specific factual allegations with respect to this allegation. See Complaint, Exhibit A.

24. At his deposition, plaintiff conceded he is not claiming that the defendant officers used any force against him. See Pl. Dep., Exhibit B at 61:15-17.

25. Later in the deposition, however, plaintiff testified that he was "forced in cuffs" which were tight, resulting in abrasions on his wrist, but, plaintiff did not need to see a doctor for these alleged injuries. See Pl. Dep., Exhibit B at 64:20-65:6, 65:10-12.

26. Plaintiff did not file a Notice of Claim in regards to this incident. <u>See</u> Plaintiff Dep., Exhibit B at 10:13-11:3.

Dated: New York, New York
December 13, 2016

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
*Attorney for Defendants Bakraqi, Demkiw and Glover*
100 Church Street, Room 3-308A
New York, New York 10007
(212) 356-5056

By: /s/ Erin T. Ryan

Erin Teresa Ryan
Assistant Corporation Counsel
Special Federal Litigation Division

To: Jose David Quezada (By First Class Mail)
*Plaintiff Pro Se*
15-A-2285
Franklin Correctional Facility
62 Bare Hill Road
P.O. Box 10
Malone, New York 12953

Docket No. 15-CV-10105 (VEC) (BCM)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JOSE DAVID QUEZADA,<br><br>                                        Plaintiff,<br><br>                -against-<br><br>DETECTIVE KRESHNIK BAKRAQI, POLICE OFFICER THOMAS DEMKIW, DETECTIVE KELVIN GLOVER ,<br>                                        Defendants. |
| **STATEMENT OF UNDISPUTED FACTS PURSUANT TO RULE 56.1** |
| ***ZACHARY W. CARTER***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants Bakraqi, Demkiw and Glover*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br><br>*Of Counsel: Erin Ryan*<br>*Tel:  (212) 356-5056*<br>*NYCLIS No. 2016-007213* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  .......................................... ,2016*<br><br>*.................................................................. Esq.*<br><br>*Attorney for ........................................................* |